IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERSOL INDUSTRIES, INCORPORATED, an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>MAGNA CHEK INC., a Michigan corporation, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:16-cv-05789<br><br>**CLASS ACTION**<br><br>**The Honorable Charles R. Norgle Sr.** |

### DEFENDANT MAGNA CHEK, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Magna Chek Inc. ("Magna Chek"), by its undersigned counsel, SWANSON, MARTIN & BELL, LLP, hereby moves this Honorable Court, pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's, Intersol Industries, Incorporated ("Plaintiff"), Amended Complaint, and in support thereof, states as follows:

1. Plaintiff has filed a garden-variety junk fax class action based on the loss of two pages of paper (and the millionth of a cent lost as a result). These types of class action lawsuits are now known to the Seventh Circuit to constitute a means of targeting small businesses like Magna Chek. *See e.g., Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 941 (7th Cir. 2016).

2. Plaintiff's amended complaint is no different. Magna Chek has received an explicit waiver from the Federal Communications Commission (FCC) over the two faxes allegedly received by Plaintiff in this case. For this reason, to the extent it alleges Magna Chek's faxes were sent without the proper opt-out language, the Court should dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

3. Second, Plaintiff's injury allegations are insufficient to meet the clarified standard for pleading Article III standing announced by the United States Supreme Court in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Plaintiff has not alleged concrete and particularized injuries as a result of allegedly receiving two faxes from Magna Chek. Plaintiff's allegation of a procedural, statutory violation does not entitle it to go after Magna Chek in a federal forum.

4. Third, given the previous deficiencies, Plaintiff's current class action allegations fail to allege class treatment of its TCPA claims is proper under Rule 23 of the Federal Rules of Civil Procedure. Notwithstanding the conclusory, factually unsupported allegations of the essential requirements of Rule 23, it is clear individualized inquiries will predominate and divide the putative class into those who (under the FCC order) cannot recover as a matter of law and those who (under *Spokeo)* cannot establish standing to pursue claims for receiving unsolicited faxes.

5. For this reason, and for the reasons set forth in the concurrently filed Memorandum of Law, Plaintiff cannot state a valid claim against Magna Chek regarding the opt-out language on the faxes attached the amended complaint, has not alleged a concrete and particularized injury to satisfy Article III standing, and does not allege a legal basis for a class action. Accordingly, Magna Chek respectfully requests that this Court dismiss Plaintiff's Amended Complaint under Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, Magna Chek Inc., by counsel, respectfully requests that this Court dismiss Plaintiff's, Intersol Industries Incorporated, Amended Complaint, and for any other relief this Court deems just and proper.

Date: August 5, 2016

                                MAGNA CHEK, INC.

                                By:    /s/ Steven L. Vanderporten
                                           One of its attorneys

Joseph P. Kincaid, Esq. (ARDC No. 6202639)
Michael A. McCaskey, Esq. (ARDC No. 6286828)
Steven L. Vanderporten, Esq. (ARDC No. 6314184)
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
(312) 321-0990 – Fax
jkincaid@smbtrials.com
mmccaskey@smbtrials.com
svanderporten@smbtrials.com